**UNITED STATES BANKRUPTCY COURT**
**Southern District of Florida www.flsb.uscourts.gov**
**Chapter 13 Plan (Individual Adjustment of Debts)**

[ X ]  **2nd**     Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
[ ]  ____    Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: **Foley, Sean**_____   JOINT DEBTOR: _____   CASE NO: **16-19531-JKO**___
Last Four Digits of SS# _____   Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of **60** months: In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. $**3,789.50** for months **1** to **10** ;
B. $**3,459.50** for months **11** to **24** ;
C. $**3,789.50** for months **25** to **50** ;
D. $**7,099.24** for months **51** to **60** ;
in order to pay the following creditors:

Administrative:   Attorney's Fee - $**9,450.00** TOTAL PAID $**1,000.00**
                 Safe Harbor Attorneys Fees: $3,500.00
                 MMM on 829 NE 11 Ave., #1-2, Pompano Beach, FL with Chase Bank: $2,500.00 ($100.00 costs)
                 MMM on 817 NE 11 Ave., Pompano Beach, FL with Chase Bank: $2,500.00 ($100.00 costs)
                 Motion to Value Lien on Real Property held by Chase Bank: $750.00
                 Balance Due: $**8,450.00** payable $**845.00** /month (Months **1** to **10** )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

**1. MTGLQ Investors, LP (a/k/a Chase Mortgage)**
**C/O Rushmore Loan Management Services**
**PO Box 52708**
**Irvine, CA 92619**

**(Acct. #: 7892 / 9687)**

**MMM (Investment Property):**
**829 NE 11 Ave., #1-2, Pompano Beach, FL**

MMM (Estimated Payment): Payment $**1,850.00** /month (Months **1** to **60** )

(MMM payment is 75% of gross rental income)

**2. Wilmington Trust, N.A. (a/k/a Chase Mortgage)**
**C/O Fay Servicing, LLC**
**Bankruptcy Department**
**939 W. North Ave., Suite 680**
**Chicago, IL 60642**

**(Acct. #: 4634 / 5897)**

**MMM (Investment Property):**
**817 NE 11 Ave., Pompano Beach, FL**

MMM (Estimated Payment): Payment $**750.00** /month (Months **1** to **60** )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| **Chase Mortgage**<br>**PO Box 24696**<br>**Columbus, OH 43224**<br><br>**(2nd mortgage on investment property)** | **829 NE 11 Ave., #1-2, Pompano Beach, FL**<br><br>**$221,910.00** | **N/A** | **N/A** | **N/A** | **N/A** |

| (Account #: 6196) | | | | | |
|---|---|---|---|---|---|

Priority Creditors: [as defined in 11 U.S.C. §507]

1. **None**                                    Total Due $
                                               Payable $ /month (Months  to ) Regular Payment $ _____.
Unsecured Creditors: Pay $**0.00** /month (Months __1__ to __10__ ).
                     Pay $**545.00** /month (Months __11__ to __24__ ).
                     Pay $**845.00** /month (Months __25__ to __50__ ).
                     Pay $**3,853.85** /month (Months __51__ to __60__ ).

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**Other Provisions Not Included Above:**

Mortgage on 111 N. Pompano Beach Blvd., #913, with Chase Mortgage (Acct: #1964) will be treated direct, outside of Plan.

**Other Provisions Not Included Above:**
The Debtor will file a Verified Motion for Referral to MMM with Chase Mortgage ("Lender"), loan number 9687, for real property located at 829 NE 11 Ave., #1-2, Pompano Beach, FL and with Chase Mortgage ("Lender"), loan number 5897, for real property located at 817 NE 11 Ave., Pompano Beach, FL. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the MMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its

Proof of Claim.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Sean Foley
Debtor

Joint Debtor

Date: **December 2, 2016**

Date: _____

LF-31 (rev. 01/08/10)